UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

HARLEY FERCH,

Plaintiff,

v.

CONSTANCE REESE, Warden,
DR. RUTH WESTRICK, M.D.,
JULIE ARENS, Counselor,
JULIE MILLER, Case Manager,
T.J. NELSON, Counselor,
U. BOCANEGRA, M.D.,
M.T. CUOMO, Unit Manager,
KEN STEWART, LICSW, and
JEFF SACKETT, F.S.A.,

Defendants.

Civil No. 00-1935(JMR/AJB)

**ORDER**

Plaintiff, an inmate at the Federal Medical Center at Rochester, Minnesota, has filed a Complaint alleging that Defendants have violated his federal constitutional rights. Rather than paying the $150 filing fee required by 28 U.S.C. 1914(a), Plaintiff has filed an application seeking leave to proceed in forma pauperis, ("IFP"), which is now before the Court. (Docket No. 2.)

Because Plaintiff is a prisoner, (see 28 U.S.C. § 1915(h)), his IFP application is subject to the applicable provisions of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, which became effective on April 26, 1996. Following the enactment of the PLRA, 28 U.S.C. § 1915(b) now provides that --

> "(1) ... if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as

FILED AUG 21 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

(Emphasis added.)

Under the PLRA, prisoners who are granted IFP status are <u>not</u> excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. "The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." <u>Ashley v. Dilworth</u>, 147 F.3d 715, 716 (8th Cir. 1998). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application includes information pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that his average monthly deposit during the preceding four-month period was $36.83, and that his average monthly balance during the same period was $25.13.[1] Because the average monthly deposit amount is greater than the average monthly balance amount, Plaintiff's initial partial filing fee in this case will be twenty percent (20%) of his average monthly deposits -- i.e., $7.37, ($36.83 x 20% = $7.37). Pursuant to § 1915(b)(1), Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed. The remaining balance of the $150.00 filing fee will have to be paid in later installments. Prison officials will have to deduct funds from Plaintiff's trust account and submit such funds to the Court, as provided by § 1915(b)(2).

If the initial partial filing fee prescribed herein is paid within twenty (20) days after the date of this order, the case will be allowed to go forward. It should be noted, however, that if such initial partial filing fee is timely paid, the complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief may be granted. Only if Plaintiff's pleading survives such screening will the Court grant IFP status and order that a summons be issued and that Defendants be served

---

[1] Although the applicable statute requires prisoner IFP applicants to provide financial information for the six-month period preceding the filing of an action, it appears that Plaintiff in this case made a good faith effort to comply with the IFP rules. Furthermore, it appears that Plaintiff may have had little control over the financial information provided with his IFP application. Such information presumably was supplied by prison officials at the institution where Plaintiff is confined, (as is required by § 1915(a)(2)), rather than by Plaintiff himself. Plaintiff's initial partial filing fee will therefore be determined on the basis of the limited financial information provided with his IFP application.

by the U.S. Marshal.[2] If the initial partial filing fee is not paid within twenty (20) days, Plaintiff will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within twenty (20) days after the date hereof, Plaintiff shall pay an initial partial filing fee of not less than $7.37, failing which it will be recommended that the action be dismissed without prejudice.

Dated: August 21, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

---

[2] Although the complaint in this case has not yet been thoroughly examined, a cursory inspection suggests that this action is not likely to survive initial screening, because there is no indication that Plaintiff has exhausted his administrative remedies. See 42 U.S.C. § 1997e(a). To state an actionable civil rights claim, a federal inmate's complaint must expressly show that he has fully exhausted all of his available administrative remedies. McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000); Massey v. Wheeler, __ F.3d __ (7th Cir. July 20, 2000), 2000 WL 994940 at *2 ("dismissal on the pleadings is proper for failure to plead the exhaustion of all administrative remedies"). No such allegation of exhaustion has been found in Plaintiff's current pleading. Plaintiff may want to carefully consider whether he wishes to invest $150 in a lawsuit that appears to be headed for summary dismissal.