UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HARLEY FERCH,

Plaintiff,

v.

CONSTANCE REESE, Warden,
DR. RUTH WESTRICK, M.D.,
JULIE ARENS, Counselor,
JULIE MILLER, Case Manager,
T.J. NELSON, Counselor,
U. BOCANEGRA, M.D.,
M.T. CUOMO, Unit Manager,
KEN STEWART, LICSW, and
JEFF SACKETT, F.S.A.,

Defendants.

CIVIL NO. 00-1935 (JMR/AJB)

REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner, has filed a complaint alleging that Defendants have been violating his federal constitutional rights during his confinement at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. It will therefore be

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated August 21, 2000, (Docket No. 4), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, and the matter is therefore ripe for initial screening pursuant to § 1915A.

FILED SEP 05 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

recommended that this action be summarily dismissed pursuant to § 1915A(b)(1).

## I. BACKGROUND

Plaintiff alleges in his complaint that he is a federal detainee who is not presently serving a prison sentence resulting from a criminal conviction. According to the complaint, Plaintiff is in federal custody pursuant to 18 U.S.C. § 4246, which allows for the detention of an individual who is "suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another."

The Defendants in this case are various prison officials at FMC-Rochester. Plaintiff claims that Defendants are violating his federal constitutional rights by forcing him to work at a prison job against his will. He contends that, because he is not presently serving a prison sentence as a convicted criminal, he cannot be compelled to work. He further contends that Defendants must obtain a signed written waiver agreement from him before they can assign him to a prison labor position. Because he has not given such a waiver, Plaintiff claims that Defendants are forcing him into involuntary servitude in violation of the Thirteenth Amendment.

In his prayer for relief, Plaintiff asks for a permanent injunction that would prevent the named Defendants from forcing him -- as well as other federal detainees not serving prison sentences -- to go to work. He also seeks (i) a declaratory judgment holding that Defendants have violated his constitutional rights, (ii) compensatory and punitive damages, and (iii) an order causing his complaint to be "turned over to the U.S. District Attorney's Office for possible criminal charges against the named defendants."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, or if the named Defendants are immune from suit, the action must be dismissed. 28 U.S.C. § 1915A(b)(1),(2). The Court concludes that the present action must be summarily dismissed pursuant to § 1915A(b)(1), because Plaintiff's complaint fails to state a claim on which relief can be granted.

Plaintiff has failed to state an actionable claim, because he has not alleged that he has exhausted his available administrative remedies. 42 U.S.C. § 1997e(a), which was enacted in 1996 as part of the PLRA, provides that

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires that prisoners must exhaust their available administrative remedies before they can challenge the conditions of their confinement in a civil rights action brought in federal court.

"Congress intended section 1997e(a) to 'curtail the ability of prisoners to bring frivolous and malicious lawsuits by forcing prisoners to exhaust all administrative remedies before bringing suit in Federal court.'" Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998), quoting 141 Cong.Rec. H1472-06, *H1480 (daily ed. Feb. 9, 1995). Our Court of Appeals has identified at least four valuable objectives that are generally promoted by an exhaustion requirement. First, it helps to ensure a more complete development of the factual record before the matter is brought into court. Second, it gives the court the benefit of whatever special knowledge and experience the administrative agency might have to offer. Third, it acknowledges the autonomy and authority of administrative agencies. Finally, to the extent that claims can be resolved at the administrative level, an exhaustion requirement promotes judicial economy. Mason v. Ciccone, 531 F.2d 867, 870 (8th Cir. 1976). See also, McCarthy v. Madigan, 503 U.S. 140, 145 (1992). When a litigant fails to satisfy an exhaustion of administrative remedies requirement, he deprives the judicial process of these valuable benefits.

The federal Bureau of Prisons ("BOP") provides a comprehensive administrative remedy procedure for federal inmates with grievances relating to the conditions of their confinement. The Code of Federal Regulations, ("C.F.R."), prescribes a four-step administrative process for resolving complaints brought by federal prisoners: (1) the inmate must present his claim informally to an appropriate prison staff member; (2) if the claim is not resolved informally to the inmate's satisfaction, he must then present a formal written Request for Administrative Remedy; (3) if the prisoner is not satisfied with the warden's response to that request, he must appeal to the Regional Director; and (4)

if the prisoner is still dissatisfied, he must take a final appeal to the General Counsel in the Central Office in order to fully exhaust his administrative remedies. 28 C.F.R. §§ 542.10-.16.

Plaintiff apparently believes that he is not required to exhaust his administrative remedies in this case, because he is asking for compensatory and punitive damages. He cites McCarthy v. Madigan, supra, in support of his argument. (Plaintiff's "Response to Court Order;" Docket No. 5.) However, Plaintiff's reliance on McCarthy is misplaced, and his argument is invalid.

In McCarthy, the Supreme Court held that prisoners need not exhaust their administrative remedies if they seek only monetary relief, and such relief is not available through the administrative remedy process. However, the holding in McCarthy is limited to cases in which a prisoner is seeking only money damages. 503 U.S. at 153, n. 5. When a prisoner seeks both damages and equitable relief – as Plaintiff does here – the exhaustion requirement is fully applicable. Caraballo-Sandoval v. Honsted, 35 F.3d 521, 525 (11th Cir. 1994) (per curiam) ("[b]ecause [the prisoner-plaintiff] requested more than just money damages, the district court properly dismissed his claim for failure to exhaust administrative remedies"); Young v. Quinlan, 960 F.2d 351, 356, n. 8 (3rd Cir. 1992); Irwin v. Hawk, 40 F.3d 347, 348-49 (11th Cir. 1994), cert. denied, 516 U.S. 835 (1995); Wyatt v. Leonard, 193 F.3d 876, 878-79 (6th Cir. 1999); Whitley v. Hunt, 158 F.3d 882, 887 (5th Cir. 1998).[2]

---

[2]A growing number of courts have concluded that the enactment of 42 U.S.C. § 1997e(a) has effectively overruled McCarthy v. Madigan, and that prisoners are now required to exhaust their administrative remedies even if they are seeking only money

When a federal prisoner brings a civil rights action in federal court, alleging that the conditions of his confinement are somehow unconstitutional, he must affirmatively allege in his complaint that he has satisfied § 1997e(a) by exhausting the administrative remedies provided by the BOP at 28 C.F.R. §§ 542.10-.16. If his complaint fails to include factual allegations showing that the exhaustion requirement has been satisfied, then the prisoner has failed to state an actionable claim, and his complaint is subject to dismissal. McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000); Massey v. Wheeler, _ F.3d _ (7th Cir. July 20, 2000), 2000 WL 994940 at *2 ("dismissal on the pleadings is proper for failure to plead the exhaustion of all administrative remedies"). Because the complaint in this case does not show that Plaintiff has exhausted his administrative remedies, it fails to state a claim on which relief can be granted.

**III. CONCLUSION**

For the reasons discussed above, the Court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It follows that Plaintiff's application for leave to proceed IFP must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid

---

damages. Nyhuis v. Reno, 204 F.3d 65, 70-78 (3rd Cir. 2000); Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 537-38 (7th Cir. 1999); Alexander v. Hawk, 159 F.3d at 1325-28; Beeson v. Fishkill Correctional Facility, 28 F.Supp.2d 884, 892-96 (S.D.N.Y. 1998). Thus, if Plaintiff commences a new action, in which he deletes his requests for equitable relief and asks for only money damages, there is a strong likelihood that such action will also be summarily dismissed, if he has not first exhausted his administrative remedies.

balance of the $150 filing fee.[3] He has paid only $15.00, so he still owes $135.00. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Furthermore, the dismissal of this action shall count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g). Finally, because Plaintiff has not stated any actionable claim for relief, his request for appointment of counsel, (Docket No. 3), will be denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees" (Docket No. 2) be **DENIED**;

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

2. Plaintiff's "Request For Appointment Of Counsel," (Docket No. 3), be **DENIED**.

3. The action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff shall be required to pay the unpaid balance of the Court filing fee, namely $135.00, in accordance with 28 U.S.C. § 1915(b)(2); and

5. For purposes of 28 U.S.C. § 1915(g), this action is dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: September 5th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.